IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| DYLAN THOMAS,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>LINCOLN REGIONAL CENTER STAFF MEMBERS, ARTURO from Homeland Security, DR. NAJEEB, and MARC OSTRANDER, Program Manager,<br><br>　　　　Defendants. | 8:21CV368<br><br><br>**MEMORANDUM<br>AND ORDER** |

　　　　Plaintiff, a pretrial detainee committed to the Lincoln Regional Center after a determination that he was not competent to stand trial,[1] filed his pro se Complaint on September 22, 2021 (Filing 1). He has been granted leave to proceed in forma pauperis ("IFP") and has paid the required initial partial filing fee. The court will now review the Complaint to determine whether the case should proceed to service of process, or whether it should be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A.

I. STANDARDS ON INITIAL REVIEW

　　　　The court is required to conduct an initial review of "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C.A. § 1915A(a). On such initial review, the court must dismiss the complaint if it: "(1) is frivolous, malicious, or

---

[1] *See State v. Thomas*, District Court of Douglas County, Nebraska, Case No. CR 20-2652. The court may take judicial notice of judicial opinions and public records and include them in its consideration of a case. *Stutzka v. McCarville*, 420 F.3d 757, 761 n.2 (8th Cir. 2005). Nebraska's judicial records may be retrieved online through the JUSTICE website, https://www.nebraska.gov/justice.

fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C.A. § 1915A(b). *See also* 28 U.S.C. § 1915(e)(2)(B) (requiring dismissal of in forma pauperis complaints "at any time" on the same grounds as § 1915A(b)).

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). Plaintiffs must set forth enough factual allegations to "nudge[ ] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"A pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted). This means that "if the essence of an allegation is discernible, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Stone v. Harry,* 364 F.3d 912, 915 (8th Cir. 2004).

## II. DISCUSSION

As a preliminary matter, the court notes that on October 12, 2021, Plaintiff submitted "one additional supporting document … to his original complaint," which the Clerk of Court docketed as a "supplement regarding complaint." (Filing 9.) Under federal pleading practice, "[a] party may amend its pleading once as a matter of course within … 21 days after serving it …." Fed. R. Civ. P. 15(a)(1)(A). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The plain language of Rule 15(a)(1) "suggests that the window for amendment as a matter of course might not *open* until the

responsive pleading or motion is served." *Maldonado v. Ford*, No. 5:19-CV-421 (MTT), 2021 WL 2689837, at *1 (M.D. Ga. June 30, 2021) (emphasis in original).[2] *See also Jamison v. Long*, No. 519CV00457TESMSH, 2021 WL 2936132, at *3 (M.D. Ga. July 13, 2021). *But see Swenson v. Hable*, No. 21-CV-1011 (SRN/HB), 2021 WL 3476720, at *2 (D. Minn. July 15, 2021) ("It is not entirely clear whether the 'once as a matter of course' standard applies to attempts to amend a pleading before its service on defendants. As relevant here [where pro se, IFP plaintiff filed amended complaint prior to initial review], however, the Court believes that the standard does apply to a first pre-service attempt to amend."), *report and recommendation adopted*, No. 21-CV-1011 (SRN/HB), 2021 WL 3472694 (D. Minn. Aug. 6, 2021).

Treating Filing 9 as a motion for leave to amend, filed pursuant to Rule 15(a)(2), the motion will be granted and Plaintiff's Complaint will be amended *instanter* to include the supporting document that is attached as page 2 of Filing 9. This is a supplemental amendment. *See* NECivR 15.1(b) ("In considering pro se

---

[2] As further explained by the district court in *Maldonado*:

> The old text of Rule 15 provided that "[a] party may amend the party's pleading once as a matter of course *at any time before* a responsive pleading is served ..." Fed. R. Civ. P. 15 (2007). That language, which restricted the amendment as a matter of course window by specifying only when it *closed*, seemingly allowed for amendment at any time from the filing of the suit to the time the responsive pleading was served. In 2007, the restyled rule dropped "at any time." Fed. R. Civ. P. 15 (2008). The change was intended to be stylistic only. Fed. R. Civ. P. 15 advisory committee's notes to 2007 amendment. The rule was amended again in 2009 to eliminate a discrepancy between amendments as a matter of course after a motion (which were usually allowed) and amendments as a matter of course after a responsive pleading (which were not allowed). Fed. R. Civ. P. 15(a)(1) advisory committee's notes to 2009 amendment. As part of that change, the 2009 amendments changed "before being served with a responsive pleading" to "within ... 21 days after service of a responsive pleading ..."

2021 WL 2689837, at *1 n. 1.

litigants' amended pleadings, the court may consider the amended pleading as supplemental to, rather than as superseding, the original pleading, unless the pleading states that it supersedes the prior pleading.").

### A. Summary of Complaint

Plaintiff's Complaint names three Lincoln Regional Center ("LRC") staff members as Defendants: (1) Arturo from Homeland Security, (2) Dr. Najeeb, and (3) Marc Ostrander, Program Manager.

Defendants Arturo and Najeeb were also named as defendants in an Amended Complaint Plaintiff filed on October 27, 2021, in *Thomas v. Mattingly, et al.*, Case No. 8:21CV272.[3] A Memorandum and Order entered today in that case dismisses Plaintiff's claims against both of these Defendants without prejudice, for misjoinder and duplicativeness.

Plaintiff claims Arturo, who is employed as a security specialist at LRC, is an infiltrator from Homeland Security who was sent into the mental hospital to harass and entrap Plaintiff as part of an 8-year-long illegitimate terrorism investigation. (Filing 9 at 2.) The alleged harassment consisted of Arturo greeting Plaintiff with the statement, "You're the delivery driver who shot the cop car," asking Plaintiff what he remembers about the incident, and telling Plaintiff that Arturo had been shot three times while working for Homeland Security. (*Ibid.*; Filing 1 at 5-8.)

Plaintiff claims Najeeb made a "medical mistake" by administering him a maximum dosage of Invega, a schizophrenia medication, after Plaintiff told Najeeb about his interactions with Arturo. (Filing 1 at 2.) Plaintiff alleges Arturo "is exacerbating Plaintiff's PTSD" and "Dr. Najeeb is misinterpreting traumatic experiences for delusions of the imagination." (Filing 1 at 3.)

---

[3] In Case No. 8:21CV272, these Defendants were identified as "Arturor from Homeland Security" and "Najeeb Shekaib," who was alleged to be a nurse at LRC. According to the National Provider Indentifier database, Najeeb Shekaib is a nurse practitioner (psychiatric/mental health). *See* https://npiprofile.com/npi/1851904478. Plaintiff confirms in his supplemental pleading that Arturo and Najeeb were named as defendants in Case No. 8:21CV272. (See Filing 9.)

Plaintiff claims "Program Manager Marc Ostander is aware of this and has neglected to confront Arturo or Najeeb with this reality." (Filing 1 at 2.)

### B. Voluntary Dismissal of Defendant Ostander

On October 7, 2021, Plaintiff filed a "notice to the court" in which he "requests that Program Manager Marc Ostander of the Lincoln Regional Center be removed as a defendant because he is not technically engaged in any constitutional wrongdoing," but "is only the supervisor of the other defendants who are." (Filing 8.) This filing has been docketed as a "motion to dismiss party."

Under federal pleading practice, "the plaintiff may dismiss an action without a court order by filing … a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment …." Fed. R. Civ. P. 41(a)(1)(A)(i). Otherwise, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(1)(B).

> Both branches of Rule 41(a) refer to the voluntary dismissal of an "action," a word that has caused confusion. This led the Second Circuit to hold that "the word 'action' as used in the Rules denotes the entire controversy, whereas 'claim' refers to what has traditionally been termed 'cause of action,'" which meant that a plaintiff could not dismiss one of several defendants under Rule 41(a) but had to proceed under Federal Rule of Civil Procedure 15 or Federal Rule of Civil Procedure 21. Although some other courts have reached the same result as the Second Circuit, the sounder view and the weight of judicial authority are to the contrary.

Wright & Miller, 9 *Fed. Prac. & Proc. Civ*. § 2362 (4th ed.) (footnotes omitted).

In *Johnston v. Cartwright*, 355 F.2d 32 (8th Cir. 1966), the Eighth Circuit indicated, in dicta, it would "be inclined to favor … the liberality of the contrary view … typified by Professor Moore as 'the better view'." *Id.*, at 39. Because of the uncertainty surrounding the question of whether a plaintiff has the ability to dismiss a defendant by filing a notice under Rule 41(a)(1)(A)(i), and because Plaintiff "requests" Ostander's removal from the case, the court will treat Filing 8 as a motion filed pursuant to Rule 41(a)(1)(B), and will dismiss all claims against Defendant Ostander without prejudice.

C. Analysis of Claims Against Defendants Arturo and Najeeb

Liberally construing the allegations of Plaintiff's Complaint, this is a civil rights action brought under 42 U.S.C. § 1983. To state a claim under § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

Where, as here, a plaintiff does not specify the capacity in which a defendant is sued, it is presumed that a defendant is sued in his or her official capacity only. *Pointer v. Lincoln Reg'l Ctr.*, No. 8:08CV80, 2008 WL 2773859, at *2 (D. Neb. July 14, 2008); *see Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir.1999) ("This court has held that, in order to sue a public official in his or her individual capacity, a plaintiff must expressly and unambiguously state so in the pleadings, otherwise, it will be assumed that the defendant is sued only in his or her official capacity.") The Lincoln Regional Center is a branch of the Nebraska Department of Health and Human Services—a state instrumentality. *Nahkahyen-Clearsand v. Lincoln Reg'l Ctr.*, No. 4:17CV3074, 2017 WL 3172856, at *2 (D. Neb. July 25, 2017), *aff'd*, No. 17-3131, 2018 WL 1633473 (8th Cir. Feb. 22, 2018).

The Eleventh Amendment bars a suit brought by a private individual against a State. *McDaniel v. Precythe*, 897 F.3d 946, 951 (8th Cir. 2018) (citing *Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261, 267-68 (1997)). However, under the exception established in *Ex parte Young*, 209 U.S. 123 (1908), a private party may sue state officials in their official capacities for prospective injunctive relief. *McDaniel*, 897 F.3d at 951-52 (citing *Verizon Md. Inc. v. Pub. Serv. Comm'n of Md.*, 535 U.S. 635, 645 (2002)). "In determining whether the doctrine of *Ex parte Young* avoids an Eleventh Amendment bar to suit, a court need only conduct a 'straightforward inquiry into whether [the] complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective.'" *Verizon Md.*, 535 U.S. at 645 (alteration in original) (quoting *Coeur d'Alene*, 521 U.S. at 296).

In this case, Plaintiff seeks (1) a "Protection Order against Arturo and his expulsion from [LRC]" and (2) "a new psychiatrist and correct diagnosis of severe

6

post traumatic stress accompanied by an intense PTSD medication regiment and a court order for visitations from his service dog Winston." (Filing 1 at 3-4.)[4]

The relief requested by Plaintiff is prospective in nature, but the *Ex parte Young* exception to Eleventh Amendment immunity "only applies in circumstances where the state official has the authority to perform the required act." *Schallop v. New York State Dep't of Law*, 20 F. Supp. 2d 384, 391 (N.D.N.Y 1998) (finding that official-capacity claims against two defendants who lacked authority to reinstate the plaintiff should be dismissed). The proper state defendant in a § 1983 action seeking prospective injunctive relief is the person who "would be responsible for ensuring that injunctive relief was carried out, even if he was not personally involved in the decision giving rise to [the plaintiff's] claims." *Pouncil v. Tilton*, 704 F.3d 568, 576 (9th Cir. 2012) (citing *Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011) (prison warden was proper defendant for a claim of injunctive relief, notwithstanding his lack of personal involvement in the challenged conduct, because he would be responsible for ensuring that the injunctive relief was carried out)). *See, e.g.*, *Billings v. N. Dakota State Penitentiary*, No. 1:07-CV-066, 2007 WL 4380056, at *3 (D.N.D. Oct. 26, 2007) ("If Billings wants injunctive relief, he must name a state official who would be authorized under state law to provide the relief requested, which may very well be a person different from those who may be liable for any damages."), *report and recommendation adopted*, No. 1:07-CV-066, 2008 WL 243958 (D.N.D. Jan. 28, 2008). Arturo and Najeeb are not in positions of authority to provide the relief requested here. But even if Plaintiff were to amend his pleadings again to assert his claims for prospective injunctive relief against a proper defendant, no constitutional violation is alleged based on the facts currently stated in the Complaint.

Arturo commenting about being shot while he worked for Homeland Security and asking Plaintiff about the incident that led to his commitment to LRC, while allegedly causing Plaintiff emotional injury, did not violate Plaintiff's constitutional rights. *See Doe v. Gooden*, 214 F.3d 952, 955 (8th Cir. 2000) ("Verbal abuse is normally not a constitutional violation."); *King v. Olmsted Cty.*, 117 F.3d 1065, 1067

---

[4] However, Plaintiff indicates in his supplemental pleading that Najeeb is no treating him due to a "conflict of interest" after Najeeb was named as a defendant in Case No. 8:21CV272. (See Filing 9 at 2.)

(8th Cir. 1997) ("The Constitution does not protect against all intrusions on one's peace of mind. Fear or emotional injury which results solely from verbal harassment or idle threats is generally not sufficient to constitute an invasion of an identified liberty interest.") (quotation marks and citation omitted); *Kalmio v. Mettler*, No. 4:13-CV-083, 2013 WL 4478691, at *2 (D.N.D. Aug. 20, 2013) ("Standing alone, simple verbal harassment does not constitute cruel and unusual punishment, deprive a prisoner of a protected liberty interest or deny a prisoner equal protection of the laws.") (quotation marks and citations omitted); *see also Nelson v. Hjorth*, No. 8:18CV88, 2018 WL 2050571, at *11 (D. Neb. May 2, 2018) (dismissing claim alleging that jail staff were "allowed to swear at and taunt inmates with impunity.").

Plaintiff is convinced that "Arturo from Homeland Security is at the LRC to entrap [Plaintiff] into a fabricated terrorism plot to facilitate his physical torture in stress positions past the point of permanent injury and his murder in a military torture murder facility because that is what Homeland Security does to people the government condemns onto secret terrorist lists and kill," and "they are targeting [Plaintiff] for being a responsible citizen raising awareness to the high crimes they are committing and to silence him as a witness." (Filing 1 at 8.)

The court is not required to accept the truth of an IFP plaintiff's "clearly baseless" factual allegations, a category which encompasses allegations that are "fanciful," "fantastic," and "delusional." *Denton v. Hernandez*, 504 U.S. 25, 31-33 (1992). "As those words suggest, a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Id.* *See also Jones v. Norris*, 310 F.3d 610, 612 (8th Cir. 2002) (dismissing complaint as frivolous and stating that "[a] complaint is frivolous when it lacks an arguable basis in either law or fact") (citing *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)); *Lightfeather v. Ricketts*, No. 8:21CV165, 2021 WL 3857680, at *3 (D. Neb. Aug. 30, 2021) (plaintiff's allegations that the state legislature funded everything about which he complained in order to block his voice from being heard were fanciful and delusional). Plaintiff's allegations regarding Arturo's presence at LRC are clearly baseless.

To prevail on a § 1983 claim for constitutionally inadequate medical care, Plaintiff must show that Najeeb's conduct amounted to "deliberate indifference to

[Plaintiff's] serious medical needs." *Dulany v. Carnahan*, 132 F.3d 1234, 1237-38 (8th Cir. 1997).[5] "Mere negligence or medical malpractice ... are insufficient to rise to a constitutional violation." *Id.* Deliberate indifference is akin to criminal recklessness. *Popoalii v. Corr. Med. Servs.*, 512 F.3d 488, 499 (8th Cir. 2008).

"Negligent misdiagnosis does not create a cognizable claim under § 1983." *McRaven v. Sanders,* 577 F.3d 974, 982 (8th Cir. 2009). *See, e.g.*, *McRaven v. Sanders*, 577 F.3d 974, 983 (8th Cir. 2009) (practical nurse at detention center could not be liable for negligently mistaking drug intoxication as alcohol intoxication). But medical misdiagnosis may in some instances "so deviate from the applicable standard of care as to evidence a [medical provider's] deliberate indifference*." Pettis v. Williams*, No. 406CV3177, 2007 WL 2407033, at *2 (D. Neb. Aug. 20, 2007) (quoting *Moore v. Duffy,* 255 F.3d 543, 545 (8th Cir. 2001); *see McRaven*, 577 F.3d at 983 (practical nurse's failure consult available drug alcohol tests to determine if plaintiff needed hospitalization for alcohol poisoning, which would have revealed misdiagnosis, raised inference of recklessness).

Here, Plaintiff merely alleges he was misdiagnosed with schizophrenia because Najeeb did not believe his frivolous claim that Arturo was a Homeland Security operative who had infiltrated LRC in order to harass and entrap Plaintiff as part of an 8-year-long illegitimate terrorism investigation. This is not sufficient to show that Najeeb was deliberately indifferent in making the diagnosis.

Similarly, Plaintiff's "mere disagreement with treatment decisions does not give rise to the level of a constitutional violation." *Estate of Rosenberg v. Crandell*, 56 F.3d 35, 37 (8th Cir. 1995); *see also Rowe v. Norris*, 198 Fed. App'x 579, 581 (8th Cir. 2006) (no Eighth Amendment violation because inmate disagreed with physician's choice of medication); *Jolly v. Knudsen*, 205 F.3d 1094, 1096 (8th Cir. 2000) ("mere disagreement with treatment decisions does not rise to the level of a constitutional violation"); *Long v. Nix*, 86 F.3d 761, 765 (8th Cir. 1996) ("Nothing in the Eighth Amendment prevents prison doctors from exercising their independent

---

[5] When a pretrial detainee's Fourteenth Amendment claim alleges constitutionally deficient medical care, the Eighth Amendment deliberate-indifference standard applies. *Scott v. Benson*, 742 F.3d 335, 339 (8th Cir. 2014).

9

medical judgment. Prisoners do not have a constitutional right to any particular type of treatment. Prison officials do not violate the Eighth Amendment when, in the exercise of their professional judgment, they refuse to implement a prisoner's requested course of treatment"); *Smith v. Marcantonio*, 910 F.2d 500, 502 (8th Cir. 1990) (claims properly dismissed because they were based on "nothing more than mere disagreement with the course of his medical treatment").

"A plaintiff can show deliberate indifference in the level of care provided in different ways, including showing grossly incompetent or inadequate care, showing a defendant's decision to take an easier and less efficacious course of treatment, or showing a defendant intentionally delayed or denied access to medical care." *Allard v. Baldwin*, 779 F.3d 768, 772 (8th Cir. 2015) (citations omitted). Thus, in cases where some medical care is provided, a plaintiff "is entitled to prove his case by establishing [the] course of treatment, or lack thereof, so deviated from professional standards that it amounted to deliberate indifference." *Id.* (quoting *Smith v. Jenkins*, 919 F.2d 90, 93 (8th Cir. 1990)). Plaintiff's allegations fail to show that the decision to administer Invega amounted to deliberate indifference.

### III. CONCLUSION

Plaintiff's Complaint fails to state a claim upon which relief may be granted, and is subject to preservice dismissal under 28 U.S.C. §§ 1915(e)(2) and 1915A. On the court's own motion, however, Plaintiff will be granted leave to file an amended complaint to state a § 1983 claim for deliberate indifference to his serious medical needs. If Plaintiff wishes to pursue a claim for damages against Najeeb (as he did in Case No. 8:21CV272), he will need to specify that Najeeb is sued in his individual capacity. Alternatively, to pursue a claim for prospective injunctive relief, Plaintiff will need to name an official-capacity defendant who would be authorized under state law to provide the relief requested. In either case, Plaintiff must allege sufficient facts to state a plausible claim for relief by showing that the alleged misdiagnosis or improper course of treatment is attributable to deliberate indifference.

Accordingly,

IT IS ORDERED:

1. Plaintiff's Filing 9, treated as a motion for leave to amend filed pursuant to Rule 15(a)(2), is granted, and Plaintiff's Complaint is amended *instanter* to include the supporting document that is attached as page 2 of Filing 9.

2. Plaintiff's Filing 8, treated as a motion to dismiss filed pursuant to Rule 41(a)(1)(B), is granted and all claims against Defendant Marc Ostander are dismissed without prejudice.

3. Plaintiff shall have 30 days to file an amended complaint in accordance with this Memorandum and Order. Failure to file an amended complaint within the time specified by the court will result in the court dismissing this case without further notice to Plaintiff.

4. Failure to consolidate all claims into <u>one document</u> may result in the abandonment of claims. Plaintiff is warned that an amended complaint will supersede, not supplement, his prior pleadings.

5. The court reserves the right to conduct further review of Plaintiff's claims pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A in the event he files an amended complaint.

6. The Clerk of the Court is directed to set a pro se case management deadline using the following text: **January 3, 2022**—amended complaint due.

7. Plaintiff shall keep the court informed of his current address at all times while this case is pending. Failure to do so may result in dismissal without further notice.

Dated this 3rd day of December 2021.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge